**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SYNERGY HOTELS, LLC,**

      **Plaintiff,**

   v.                               **Civil Action 2:21-cv-3248
                                       Judge Michael H. Watson
                                       Magistrate Judge Kimberly A. Jolson**

**HOLIDAY HOSPITALITY
FRANCHISING, LLC et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Transfer Venue to the Northern District of Georgia Pursuant to 28 U.S.C. § 1404(a). (Doc. 9). For the following reasons, Defendants' Motion to Transfer (Doc. 9) is **GRANTED**.

**I. BACKGROUND**

Plaintiff, Synergy Hotels, LLC, brings this action against Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc. *doing business as* Intercontinental Hotels Groups (collectively "Defendants"), alleging Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Declaratory Judgment, Violation of the Sherman Act, and Accounting. (Doc. 1 at 31–47).

Plaintiff owns and operates a hotel in Orbitz, Ohio and is a franchisee of Defendants. (*Id.* at 2). Plaintiff seeks to bring a class action lawsuit against Defendants based on alleged abusive practices. (*Id.*). Specifically, Plaintiff contends Defendants created an unlawful scheme that required franchisees to use certain mandatory vendors and suppliers for a majority of the goods and services that are essential to run and maintain a hotel. (*Id.*). Moreover, Plaintiff claims the

vendors charged franchisees above market rates and provided Defendants a kickback to incentivize selection of the mandatory vendors. (*Id*.).

On June 7, 2021, Plaintiff brought this action in the United States District Court for the Southern District of Ohio. (Doc. 1). On August 27, 2021, Defendants filed a Motion to Dismiss (Doc. 8), and a Motion to Transfer this action to the Northern District of Georgia. (Doc. 9).

The Motion to Transfer (Doc. 9) arises out of the License Agreement's mandatory selection clause, which reads:

> Licensee hereby expressly and irrevocably submits itself to the nonexclusive jurisdiction of the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia for the purpose of any and all disputes. However, Licensor remains entitled to seek injunctive relief in the federal or state courts either of Georgia or of the state of the Hotel's location or of Licensor's principal place of business. Should Licensee initiate litigation against Licensor, its parents, subsidiaries or one of its affiliated entities, Licensee must bring action in *the courts identified above*; provided, however, the foregoing will not constitute a waiver of any of Licensee's rights under any applicable franchise law of the state in which the Hotel is located.

(Doc. 1-1 at 26) (emphasis added).

Defendants maintain this forum selection clause mandates that this litigation be brought in the Northern District of Georgia. (Doc. 9 at 7–10). Moreover, Defendants assert the transfer is in the interest of justice to avoid "waste, cost, and inconsistency of decisions." (*Id*. at 12). Defendants allege this action is one of six 'virtually identical' lawsuits brought by Plaintiff's counsel in different federal courts across the country. (*Id*. at 3). Notably, Defendants seeks to transfer these other pending lawsuits to the Northern District of Georgia, and three other District Courts have already granted transfer. *Park 80 Hotels LLC, et al. v. Holiday Hospitality Franchising, LLC, et al.*, No. 2:21-cv-974 (E.D. La. Nov. 9, 2021) (also available at (Doc. 16-1)); *PH Lodging Tomball, LLC v. Holiday Hospitality Franchising, LLC, et al.*, No. 4:21-cv-01803

2

(S.D. Tex. Dec. 10, 2021) (also available at (Doc. 21, exhibit A)); *Bensalem Lodging Associates, LLC v. Holiday Hospitality Franchising, LLC, et al.*, No. 2:21-cv-02882 (E.D. Pa. Dec. 10, 2021) (also available at (Doc. 21, exhibit B)). In Response, Plaintiff argues the venue was initiated in a proper and authorized forum based on Plaintiff's understanding of the forum selection clause. Subsequently, Defendants filed a Reply (Doc. 15), and two supplemental memoranda with supporting authority for transfer. (Doc. 16, Doc. 21). The Motion to Transfer (Doc. 9) is now ripe for review.

**II.     STANDARD**

Defendants' motion is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties . . ., in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404. The Supreme Court held that a "forum-selection clause may be enforced by a motion to transfer under § 1404(a)[.]" *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 575, 187 L. Ed. 2d 487 (2013).

As a threshold inquiry under §1404(a), a court must determine "whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). "An action 'might have been brought' in a transferee court, if the court has jurisdiction over the subject matter of the action, venue is proper there[,] and the defendant is amenable to process issuing out of the transferee court." *Schoenfeld v. Mercedes-Benz USA, LLC*, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio Aug. 13, 2021) (citing *Sky Techs. Partners, LLC v. Midwest Rsch. Inst.*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000)).

After a court determines that venue is proper, it weighs convenience, and public and private interest factors. *See Kay*, 494 F. Supp. 2d at 849. The factors relating to private interests include:

3

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 850 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). As for the public-interest factors, they "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co.*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co.*, 454 U.S. at 241 n.6) (internal quotation marks and brackets omitted).

Yet, the analysis changes "when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* at 63 (internal quotation marks omitted). The forum-selection clause should be "given controlling weight in all but the most exceptional cases." *Id*. at 63. The § 1404(a) analysis therefore changes in three ways. "First, the plaintiff's choice of forum merits no weight." *Id*. at 63. Instead, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. *Id.* at 64. Thus, "a district court may consider arguments about public-interest factors only." *Id.* at 64. Since public interest factors "rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64. Third, the § 1404(a) transfer of venue based upon a forum-selection clause "will not carry with it the original venue's choice-of-law rules . . . ." *Id*. at 64.

Finally, the court considers whether the transfer is "in the interest of justice[.]" 28 U.S.C. § 1404(a). This includes consideration of judicial economy and the interest in avoiding inconsistent judgments. *North v. McNamara*, 47 F. Supp. 3d 635, 648 (S.D. Ohio 2014).

## III. DISCUSSION

The Court first interprets the forum selection clause and then applies the required factors under 28 U.S.C. § 1404(a).

### A. Forum Selection Clause

The parties agree that the License Agreement's forum selection clause is valid and enforceable. (*See generally* Doc. 9, Doc. 14). But they disagree about what the phrase "courts identified above" means. *Id.* Plaintiff says that "courts identified above" refers to "the federal or state courts either of Georgia *or* of the state of the Hotel's location or of Licensor's principal place of business." (Doc. 14 at 3 (emphasis added)). Since the Hotel is located in Ohio, Plaintiff views this Court as a proper forum. (Doc. 14 at 2). Defendants counter that the forum selection clause is more exclusive. They read "court identified above" as requiring a lawsuit to be brought in "the Northern District of Georgia [or] the courts of DeKalb County, Georgia," because those courts "are the only specific courts . . . identified 'above.'" (Doc. 9 at 8). Thus, Defendants say, Plaintiff could bring this suit in Georgia and nowhere else. (Doc. 9 at 5–10). As of the writing of this Opinion and Order, three District Courts have agreed that Georgia is the only proper forum. *See Park 80 Hotels LLC, et al*, No. 2:21-cv-974; *PH Lodging Tomball, LLC*, No. 4:21-cv-01803; *Bensalem Lodging Associates, LLC*, No. 2:21-cv-02882. For the following reasons, this Court agrees.

First, Georgia law applies. The License agreement states: "any and all disputes between the parties . . . shall be governed and construed under, and in accordance with, the laws and

decisions . . . of the State of Georgia." (Doc. 1-1 at 25). Under Georgia law, "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part[.]" Ga. Code Ann. § 13-2-2. Furthermore, "[t]he cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." Ga. Code Ann. § 13-2-3. To begin, the Court must decide "whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning." *Langley v. MP Spring Lake, LLC*, 307 Ga. 321, 323 (2019) (quoting *City of Baldwin v. Woodard & Curran, Inc.*, 293 Ga. 19, 30 (2013). If the contract is ambiguous, then "the court must apply the rules of contract construction to resolve the ambiguity." *Id.* "Ambiguity in a contract is a question of law and is for the court." *PH Lodging Tomball, LLC*, No. 4:21-cv-01803, at 8 (citing *Gilbert v. Canterbury Farms, LLC*, 346 Ga. App. 804, 810 (2018)).

The forum selection clause at issue here is ambiguous. "[T]he courts identified above" could mean either (1) only "U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia" or (2) the Georgia courts and "the state of the Hotel's location or of Licensor's principal place of business." (Doc. 1-1 at 26). The Court agrees with the District Court for the Eastern District of Louisiana's analysis and finds that the word "identified" is ambiguous:

> To identify something is to ascertain its identity; it is to specify what something is. The Court finds the term ambiguous in this contract. One credible reading is that the only courts identified are those actually named, as no other courts are given direct identification on the face of the clause. The others is that all courts referenced in the paragraph are therein identified, as their identity can be easily ascertained by

6

contextual reading.

*Park 80 Hotels LLC, et al*, No. 2:21-cv-974, at 9.

Since the forum selection clause is ambiguous, the court applies "the rules of contract construction to resolve the ambiguity." *Langley*, 307 Ga. at 323 (quoting *City of Baldwin*, 293 Ga. at 30). The Court, in agreement with our colleagues in Louisiana, Texas, and Pennsylvania, finds that "the courts identified above" refers only to "the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia . . . ." (Doc. 1-1 at 26). The forum selection clause starts with a general rule applicable to licensees (Plaintiff). *See Park 80 Hotels LLC, et al.*, No. 2:21-cv-974 at 10. The licensee is prohibited from objecting to the jurisdiction of the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia. The second sentence, applicable only to the licensor (Defendants), creates an exception to the just stated rule. *See id.* The licensor retains the right to seek injunctive relief in the Georgia courts or in "the state of the Hotel's location or of Licensor's principal place of business." (Doc. 1-1 at 26). The third sentence returns to the obligations of the licensee and limits litigation that the licensee might bring to "the courts identified above[.]" Thus, when "[t]aken as a whole, Plaintiff's obligations with respect to venue are contained in the first and third sentences." *Bensalem Lodging Associates, LLC*, No. 2:21-cv-02882, at 7.

Further, if "the courts identified above" referred to the Georgia courts, or the state of the Hotel's location, or of Licensor's principal place of business, then the third sentence would be "meaningless." *Park 80 Hotels LLC, et al.*, No. 2:21-cv-974, at 10. "It would be unnecessary to specify where [licensees] can sue if the scope of courts in which they can sue is coterminous with the scope of courts in which they have jurisdiction." *Id.* at 10–11. Thus, to "give[] full meaning

to all parts of the clause . . . 'the courts identified above' must be the named courts in the first sentence of the clause, . . . 'the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of Dekalb County, Georgia.'" *Id.* at 12–13.

    **B.**    **§ 1404 Factors**

Even with a valid forum selection clause, the Court still conducts a §1404(a) analysis. *Atl. Marine Const. Co.*, 571 U.S. at 63 (quoting *Piper Aircraft Co.*, 454 U.S. at 241 n.6). But the analysis is adjusted to reflect the weight of the forum selection clause. And the forum selection clause should be "given controlling weight in all but the most exceptional cases." *Id.* For the following reasons, the Court concludes that this is not an exceptional case; the forum selection clause applies; and transfer to the Northern District of Georgia is granted.

    **1.**    **Proper Forum**

First, the Court determines if the action may have been brought in the transferee court. *See Kay*, 494 F. Supp. 2d at 849. Here, the Northern District of Georgia is a proper forum where the cause of action could have been brought. Defendants are subject to the jurisdiction of and venue in the Northern District of Georgia because IHG's U.S. headquarters are located near Atlanta, Georgia (Tidwell Declaration ¶ 4). (Doc. 9 at 13). *See* 28 U.S.C. § 1391(b), (c)(2), and (d).

    **2.**    **Public Interest Factors**

Next, the Court considers public interest factors. *Atl. Marine Const. Co.*, 571 U.S. at 64. The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6.

Administrative considerations, such as court congestion, favor transfer. This is so because no party claims more congestion among the two fora, Northern District of Georgia and Southern District of Ohio. *Cf. Sabol v. Ford Motor Co.*, No. 2:14-CV-543, 2014 WL 6603358, at *9 (S.D. Ohio Nov. 19, 2014) (finding that congestion slightly favored transfer because the defendant provided evidence that transferee court disposed of matters more quickly and no trial date was set). Additionally, when other similar cases are at the transferee forum, the congestion factor leans in favor of transfer. *North*, 47 F. Supp. 3d at 647 ("While Plaintiff has shown that the docket of the Southern District of Ohio is less congested than the District of Delaware generally, there exists an earlier-filed action pending in the District of Delaware which would make consideration by that court more efficient."). At least three similar actions are pending in the Northern District of Georgia, which makes it more efficient for that Court to resolve this matter. So the administrative considerations weigh in favor of transfer.

The next factor, localized interest, is neutral. It is true that the hotel at issue in this matter is located in Ohio. (Doc. 14 at 11). But Georgia law governs the case (Doc. 1-1 at 25), and Defendants' principal place of business is in Georgia (Doc. 1 at 7). Additionally, given the litigation strategy of filing six nearly identical suit across the county, the Court finds that "the issues of this case are not those of a single, local controversy." *Bensalem Lodging Assocs., LLC*, No. 2:21-cv-02882, at 10.

Finally, the interest of being in a forum that is at home with the law favors transfer. As stated, Georgia law applies to the License Agreement and the dispute arises under that agreement. Thus, it is within the public interest to have a court in Georgia decide the matter. *North*, 47 F. Supp. 3d at 648 (finding transfer of a shareholder derivative action to the District of Delaware was favored because Delaware law applied to the claim).

9

### C. Interest of Justice

Finally, under the language of § 1404(a), the Court considers the interests of justice, including judicial economy and the avoidance of inconsistent judgments. *See North*, 47 F. Supp. 3d at 648 (considering these factors along with public interest factors in a case involving a §1404(a) transfer and a forum selection clause). Since this case is one of six nearly identical lawsuits, and three other district courts have transferred to the Northern District of Georgia, both the interests of judicial economy and avoidance of inconsistent judgments favor transfer. *See, e.g.*, *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 21 (1960) (affirming the transfer of case under § 1404(a) in the interest of justice so that two lawsuits arising from single occurrence would be heard in same district court); *North*, 47 F. Supp. 3d at 648 (finding that two cases arising from the same set of facts being "decided in the same forum not only is the most efficient but it avoids inconsistent judgments").

### D. Pending Motion

Since the Court concludes that it should transfer this case pursuant to § 1404(a), it declines to reach Defendants' remaining arguments for Motion to Dismiss (Doc. 8). In *Zimmer*, the defendant filed a Motion to Transfer and a Motion to Dismiss for failure to state a claim. *Zimmer v. Valic*, No. 1:06-CV-131, 2006 U.S. Dist. LEXIS 112103, at *11 (S.D. Ohio 2006). In granting the Motion to Transfer in *Zimmer*, the Southern District of Ohio expressed no opinion on the Motion to Dismiss and passed the merits of that motion to the transferee court. *Id.; see also Ohio Learning Ctrs., LLC v. Sylvan Learning, Inc.*, No. 1:10-CV-1062, 2010 U.S. Dist. LEXIS 70575, at *21 (N.D. Ohio July 14, 2010). Thus, Defendants' Motion to Dismiss (Doc. 8) will be properly before the Northern District of Georgia.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Transfer is **GRANTED.** (Doc. 9). The Clerk of Courts is hereby **DIRECTED TO TRANSFER** this case to the United States District Court for the Northern District of Georgia.

IT IS SO ORDERED.

Date: December 17, 2021                             /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE